### 47155. MILLER v. LUMBERMENS MUTUAL INSURANCE COMPANY et al.

BELL, Chief Judge. In this workmen's compensation case, claimant received a compensable back injury in March of 1970, and the parties executed an agreement for the payment of compensation for total disability. Later a supplemental agreement was signed by all concerned in which it was stipulated that claimant returned to work on April 17, 1970, and liability for total temporary disability ceased on that date. All the agreements were approved by the board. In September, 1970, claimant requested a change of condition hearing which was held before a deputy director. There is evidence in the record that after the signing of the supplemental agreement in April, 1970, the claimant did not return to work with the same employer but from that point until February 10, 1971, he did engage in remunerative employment for several different employers for short intervals of time. An attending physician who had treated him from December 1970 to February 10, 1971, released him to return to full employment. The hearing director in his findings of fact found that there was a change of condition in that claimant was partially disabled since his return to work and awarded differential compensation for partial disability from April 18, 1970 to February 10, 1971. He further found as a fact that after February 10, 1971, the claimant had recovered from his compensable injury and was able to return to work, and directed in the award that no further compensation should be paid him on or after that date. On appeal to the full board, it adopted the findings of fact and the award of the deputy, and the superior court affirmed. *Held:*

Although the claimant argues that the award was erroneous on numerous grounds, none of them has any merit. We need not cite any authority for the rule of long standing that a reviewing court in a workmen's compensation case is bound by the award of the board

where there is any competent evidence to support it. This rule applies here, as the evidence is sufficient to authorize the findings of fact and the award of the Workmen's Compensation Board.

*Judgment affirmed. Evans and Stolz, JJ., concur.*
SUBMITTED MAY 1, 1972—DECIDED SEPTEMBER 14, 1972.

*Aynes, Feldman & Genins, Richard R. Kirby, William I. Aynes,* for appellant.
*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellees.